**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRISCILLA LUNA, Deceased by and through her personal legal representatives and successor in interest, John Roberts; JOHN ROBERTS; THERESA ROBERTS,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>P AND M HEALTHCARE HOLDINGS, INC., DBA Rancho Mesa Care Center, a California Skilled Nursing Facility; MARYLYNN MAHAN; PHILLIP WEINBERGER,<br><br>Defendants-Appellants,<br><br>and<br><br>DOES, 1-25, inclusive,<br><br>Defendant. | No.  22-55308<br><br>D.C. No.<br>5:22-cv-00300-SB-SHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted June 20, 2023[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

P & M Healthcare Holdings, Inc. (doing business as Rancho Mesa Care Center), Marylynn Mahan, and Phillip Weinberger (collectively, "Rancho Mesa") appeal the district court's order remanding this case to state court for lack of federal subject matter jurisdiction. Rancho Mesa argues that the district court had three independent grounds for such jurisdiction: federal officer removal, complete preemption, and the presence of an embedded federal question.

I

The district court did not have federal subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Rancho Mesa's actions were not "taken pursuant to a federal officer's directions." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (cleaned up). While Rancho Mesa has demonstrated that, like the defendants in *Saldana*, it was subject to federal laws and regulations throughout the COVID-19 pandemic, "simply *complying* with a law or regulation is not enough to bring a private person within the scope of the [federal officer removal] statute." *Id.* (cleaned up). Similarly, recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id.* at 685.

_____

without oral argument. *See* Fed. R. App. P. 34(a)(2).

## II

The district court did not have federal subject matter jurisdiction under the doctrine of complete preemption because the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, is not a complete preemption statute—that is, it is not one of those "rare" statutes "where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Saldana*, 27 F.4th at 686 (cleaned up). While the PREP Act may preempt some state-law claims, any such conflict preemption would be an affirmative defense, and would not create federal subject matter jurisdiction. *See id.* at 688.

## III

The district court did not have embedded federal question jurisdiction because the state-law causes of action in the complaint do not "necessarily" raise "substantial" federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 688 (cleaned up). Although a federal defense may be available under the PREP Act, "a federal defense is not a sufficient basis to find embedded federal question jurisdiction." *Id.*

## IV

In short, all of Rancho Mesa's challenges are controlled by *Saldana*. Rancho Mesa argues that *Saldana* was wrongly decided, but cites no "clearly irreconcilable"

3

intervening authority permitting us to overrule it. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, we apply *Saldana*.[1]

**AFFIRMED.**

---

[1] Rancho Mesa's motion for judicial notice, Docket No. 18, is **GRANTED.**